UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Roberto Fanor Murillo Mejia (A-Number: 220-374-104),<br><br>Petitioner,<br><br>v.<br><br>Tonya Andrews, et al.,<br><br>Respondents. | No. 1:26-cv-07069-KES-CDB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN TEN (10) DAYS<br><br>Doc. 1 |

Petitioner Roberto Fanor Murillo Mejia is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 4. The Court has previously addressed the legal issues raised by claim one of the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pending removal proceedings, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). The Court ordered respondents to show cause as to whether there are any factual or legal issues in

this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 7.

Respondents acknowledge that the Ninth Circuit held in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), that 8 U.S.C. § 1226(a) applies to noncitizens in petitioner's circumstances. Doc. 10 at 1. Respondents argue that on petitioner's record, "DHS reasonably viewed Petitioner as a danger to the community and the arrest presented exigent circumstances warranting post-custody process." *Id.* at 2. Citing to *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), respondents argue that "[a]s such, § 1226(a)'s framework—which provides post-custody bond procedures rather than a pre-deprivation hearing—provides sufficient process." *Id.*

But *Rodriguez Diaz* concerned a noncitizen who had been ordered detained after an initial § 1226(a) bond hearing. Here, unlike the petitioner in *Rodriguez Diaz*, immigration authorities initially *released* petitioner: on August 19, 2021, petitioner was released under an order of recognizance. *See* Doc. 10-1 at 3. "*Rodriguez Diaz* [] does not limit the Due Process rights of those petitioners whom the government has already voluntarily released." *Andudia-Carillo v. Albarran*, No. 25-cv-10380-VC, 2025 WL 4479434, at *1 (N.D. Cal. Dec. 17, 2025); *see also Rodriguez Diaz*, 53 F.4th at 1213 ("[W]e do not foreclose all as-applied challenges to § 1226(a)'s procedures" because "[d]ue process is a flexible concept that varies with the particular situation."). Where the government has previously determined that a noncitizen should be released as he did not pose a flight risk or danger, the government must bear the burden of establishing that changed circumstances warrant his present detention.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to provide petitioner Roberto Fanor Murillo Mejia (A-Number: 220-374-104) with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's

request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within ten days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: September 11, 2026

UNITED STATES DISTRICT JUDGE